UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-80121-DMM

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

EDILBERTO JEREMIAS VELASQUEZ-GARCIA,

        Defendant.
                                                      /

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office" or "the Government") and EDILBERTO JEREMIAS VELASQUEZ-GARCIA (hereinafter referred to as "Defendant") enter into the following agreement:

1. Defendant agrees to plead guilty to Count 1 of Indictment 25-80121-DMM which charges him with Forcibly Assaulting a Federal Officer, in violation of Title 18, United States Code, Section 111(a)(1) and (b).

2. Should all provisions of this plea agreement be met by the Defendant, the United States agrees to dismiss Count 2 of the Indictment after sentencing.

3. Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation

1

office, which investigation will commence after the guilty plea has been entered. Defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that Defendant may not withdraw his plea solely as a result of the sentence imposed.

4. Defendant also understands and acknowledges that as to Count 1, the Court may impose a statutory maximum term of imprisonment of up to twenty (20) years, followed by a term of supervised release of up to three (3) years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000. Defendant acknowledges that the Court may impose restitution.

5. Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 will be imposed on Defendant. Defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If Defendant is financially unable to pay the special assessment, Defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for Defendant's failure to pay.

6. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning Defendant and Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon Defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing Defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that Defendant has assisted authorities in the investigation or prosecution of Defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion if Defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8.      The United States and Defendant agree that, although not binding on the probation office or the court, they will jointly recommend that the court make the following findings and conclusions as to the sentence to be imposed:

a.      Obstructing or Impeding Officers:   The parties agree to recommend that the Court apply U.S.S.G. §2A2.4 in calculating the advisory guideline sentence for Defendant, which advises a Base Offense Level of **10**.

i.      The parties agree that the offense involved physical contact and that a **3 level enhancement** under §2A2.4(b)(1)(A) applies.

ii.     The parties agree that Deportation Officer 1, as described in the Indictment, sustained bodily injury as a result of Defendant's actions, and that a **2 level enhancement** under §2A2.4(b)(2) applies.

9.      Defendant is aware that the sentence has not yet been determined by the Court. Defendant also is aware that any estimate of the probable sentencing range or sentence that Defendant may receive, whether that estimate comes from Defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court.  Defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety.  Defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that Defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by Defendant, this Office, or a recommendation made jointly by Defendant and this Office.

10. The defendant further agrees that if this matter had gone to trial, the United States would have proven the following facts beyond a reasonable doubt:

On July 6, 2025, in Lake Worth Beach, Florida, in the Southern District of Florida, ICE officers were attempting to execute an immigration related arrest warrant at 101 South D Street, in Lake Worth Beach, Florida. Deportation Officer 1 (DO-1) arrived at the location and observed an individual matching the description of the individual they were looking for, and who entered and drove away in a blue Toyota Corolla. DO-1 stopped the Defendant who was driving the blue Toyota, at South Dixie Highway and 8th Avenue South, but the Defendant did not exit the vehicle. Deportation Officer 1 (DO-1), who was wearing tactical gear marked "Police" and with their vehicle blue and red lights activated, exited their vehicle to approach the Defendant. Upon the arrival of a second back-up police vehicle, the Defendant drove off. Both law enforcement vehicles then attempted to stop the Defendant, again using their lights and air horn. The Defendant stopped at South Dixie Highway and 4th Avenue South. The Defendant asked what this was about as he was asked to exit the Corolla. When the agents responded that they were immigration officers, the Defendant began to resist the officers' commands to place his hands behind his back and resisted all restraints. DO-1 and the Defendant fell to ground as DO-1 tried to secure Defendant's hands and DO-2 tried to secure Defendants legs, all of which were flailing. DO-2 felt Defendant reached for DO-2's holstered weapon and DO-2 shouted, in substance, "He's going for my gun!" DO-1 had secured one of Defendant's hands with DO-1's left hand, while trying to secure Defendant's loose hand with DO-1's right hand. Defendant bit DO-1's hand, causing injury. DO-1 then bit Defendant on the shoulder in an attempt to get Defendant to release DO-1's hand from Defendant's mouth. Defendant continued to resist officers, at which

time, DO-2 used his taser weapon to subdue the Defendant. After Defendant was tased, he was compliant. Defendant is a citizen of Guatemala and has no legal status to be in the United States.

11. The Defendant acknowledges that the factual basis described in the proceeding paragraphs satisfies the elements of Count 1, to which he is pleading guilty. The elements of Forcibly Assaulting a Federal Officer in violation of Title 18, United States Code, Section 111(a)(1) and (b) are:

**First:** The defendant "forcibly assaulted" the person described in the indictment;
**Second:** The person assaulted was a federal officer performing an official duty;
**Third:** The Defendant's acts resulted in physical contact with the person assaulted; and
**Fourth:** The Defendant inflicted bodily injury.

12. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including his attorney or the Court, can predict to a certainty the effect of the defendant's conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is the defendant's removal from the United States.

(Remainder of page intentionally left blank.)

13. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

Date: 9/11/25

By: _____
AURORA FAGAN
ASSISTANT U.S. ATTORNEY

Date: 9/11/25

_____
ROBERT ADLER
ATTORNEY FOR DEFENDANT

Date: 9/11/25

_____
EDILBERTO J. VELASQUEZ-GARCIA
DEFENDANT